*Michele Gallagher v. Mercy Medical Center, Inc.*, No. 44, September Term, 2018. Opinion by Greene, J.

**CIVIL LAW – THE ONE SATISFACTION RULE –** The Court of Appeals held that Petitioner Michele Gallagher's medical malpractice claim against Respondent Mercy Medical Center was barred by the one satisfaction rule. Before filing suit against Respondent, Petitioner received settlements from the driver and owner of the automobile that struck her vehicle, and from her uninsured/underinsured motorists carrier, State Farm Mutual Automobile Insurance Company. Petitioner's settlement with State Farm encompassed her evaluation as to the same injuries that she sought to recover from Respondent. Therefore, Petitioner has no damages remaining to recover from Respondent.

Circuit Court for Baltimore City
Case No. 24-C-16-002363
Argued: January 8, 2019

IN THE COURT OF APPEALS

OF MARYLAND

No. 44

September Term, 2018

_____

MICHELE GALLAGHER

v.

MERCY MEDICAL CENTER, INC.

_____

Barbera, C.J.
Greene,
McDonald,
Watts,
Hotten,
Getty,
Wilner, Alan M. (Senior Judge,
Specially Assigned)

JJ.

_____

Opinion by Greene, J.

_____

Filed: April 29, 2019

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

When multiple tortfeasors contribute to a plaintiff's injuries, the plaintiff may choose how to structure his or her litigation against one or all tortfeasors in pursuit of compensation for those injuries. The law, however, will permit the plaintiff to obtain only one full satisfaction of his or her injuries. Such satisfaction will preclude the plaintiff from pursuing other tortfeasors for compensation for the same injuries.

Petitioner Michele Gallagher ("Ms. Gallagher" or "Petitioner") was injured in an automobile accident. She filed a lawsuit and ultimately obtained a settlement from the negligent driver and owner of the other vehicle, and a settlement from State Farm Mutual Automobile Insurance Company ("State Farm"), her uninsured/underinsured motorists carrier. The matter before this Court concerns Ms. Gallagher's next bite at the apple, as she now seeks to recover for her injuries from another alleged tortfeasor, Respondent Mercy Medical Center ("Respondent" or "Mercy"). Through her previous litigation, however, Petitioner obtained a settlement from State Farm for the same injuries that she now seeks from Mercy. Therefore, under the circumstances of this case, Petitioner has received full compensation for her injuries. Accordingly, we shall hold that Petitioner's action against Respondent is barred by the one satisfaction rule.

## FACTUAL BACKGROUND

On January 15, 2009, Ms. Gallagher was injured when her automobile was struck from behind by an automobile driven by Phuong Nguyen ("Mr. Nguyen"). Ms. Gallagher underwent two reconstructive breast surgeries, which were performed at Mercy Medical Center on April 28, 2011 and October 18, 2012. Following the surgical procedures, Ms.

Gallagher developed an infection identified as cellulitis.[1]  She was admitted to Mercy to treat the infection with intravenous antibiotics on November 9, 2012.  Attempts to administer the antibiotics failed, so on November 12, 2012, she received the antibiotics through a Peripherally Inserted Central Catheter ("PICC line").  While the PICC line was being inserted into Ms. Gallagher's left arm, it accessed or punctured her brachial artery.  Ms. Gallagher underwent vascular surgery to repair her brachial artery.  On November 16, 2012, Ms. Gallagher was discharged from Mercy.  Thereafter, she received out-patient treatment at Mercy for pain and Reflex Sympathetic Dystrophy[2] in her left arm.

## PROCEDURAL BACKGROUND

*The Automobile Accident Action*

On December 16, 2011, Ms. Gallagher filed a Complaint ("Automobile Accident Complaint") in the Circuit Court for Baltimore City, naming Mr. Nguyen, Jenny Le Phan ("Ms. Phan"), and State Farm as defendants.  In Count One, Ms. Gallagher alleged negligence against Mr. Nguyen and Ms. Phan, the owner of the vehicle Mr. Nguyen was driving.[3]  Ms. Gallagher sought $2 million for her injuries, which she alleged included

---

[1] Cellulitis is "[a] bacterial infection of the skin and the tissues beneath it."  AMERICAN MEDICAL ASSOCIATION, ENCYCLOPEDIA OF MEDICINE 247 (Charles B. Clayman ed., 1989).  Most commonly, the infection enters the skin through a wound, and it is treated with antibiotics.  *Id*.

[2] According to Dr. David Maine, Jr., M.D., one of Ms. Gallagher's treating physicians, Reflex Sympathetic Dystrophy, otherwise known as Complex Regional Pain Syndrome, is a pain syndrome that is often caused by injuries to a limb.

[3] Ms. Gallagher's claim against Ms. Phan was based upon the theory of *respondeat superior*.

emotional pain and suffering, past and future medical expenses, and the inability to engage in her usual employments, activities, and pursuits.

In Count Two of the Automobile Accident Complaint, Ms. Gallagher alleged a breach of contract by State Farm, her uninsured/underinsured motorists carrier. Ms. Gallagher alleged that, under the terms of her policy, "State Farm agreed to compensate M[s.] Gallagher for her bodily injuries and losses sustained due to the negligence of an underinsured motorist up to the prescribed limits." Ms. Gallagher averred that the alleged tortfeasors were underinsured motorists[4] and, therefore, State Farm stood in breach of contract when it refused Ms. Gallagher's demand for insurance proceeds. Ms. Gallagher claimed that she was "damaged as described in Count [One] of th[e] Complaint[,]" and she sought $1 million in damages from State Farm.

On April 17, 2012, Ms. Gallagher settled her negligence claim against Mr. Nguyen and Ms. Phan. As part of the settlement agreement, Ms. Gallagher accepted $25,000.00, which represented the full policy limit of Mr. Nguyen's liability insurance coverage with Nationwide Mutual Fire Insurance Company. In exchange, Ms. Gallagher signed a Release of All Claims ("Release"). Therein, Ms. Gallagher released her claims against Mr. Nguyen, Ms. Phan, and Nationwide, but expressly reserved her claim against State Farm. The Release made no mention of Mercy. On May 15, 2012, Ms. Gallagher filed a "Stipulation of Dismissal with Prejudice," dismissing her claims against Mr. Nguyen and

---

[4] A negligent motorist is properly classified as "underinsured" when the extent of the injured party's uninsured/underinsured motorists coverage exceeds the extent of the tortfeasor's liability coverage. *Waters v. U.S. Fidelity & Guar. Co.*, 328 Md. 700, 712 n. 5, 616 A.2d 884, 889 n. 5 (1992).

3

Ms. Phan.

Ms. Gallagher pursued her breach of contract claim against State Farm, and the parties proceeded to discovery.[5] In her initial responses to State Farm's interrogatories, sent on May 16, 2012, Petitioner claimed that she sought to recover from State Farm for her first breast surgery, pain and suffering, and related bills. Subsequently, in letters dated February 18 and May 22, 2014, Ms. Gallagher supplemented her discovery responses. She included bills related to her second breast surgery, cellulitis treatment, PICC line procedure, vascular surgery, and other treatment following the PICC line procedure.

On March 6, 2015, Ms. Gallagher sent State Farm a letter supplementing her answers to State Farm's interrogatories. Therein, Ms. Gallagher explained that she endured two surgeries and developed cellulitis, then, in the course of treating the cellulitis, insertion of a PICC line accessed or punctured her brachial artery, necessitating additional surgery and causing "severe and permanent impairment to her left [arm]" – all of which was "causally relate[d] [] to the original accident of January, 2009." Additionally, two of the physicians who treated Ms. Gallagher at Mercy, Drs. David Maine, Jr., M.D. and Bernard W. Chang, M.D., were deposed. Upon questioning by Ms. Gallagher's counsel, the doctors affirmed that the breast surgeries, cellulitis, and PICC line procedure and injuries sustained therefrom were causally connected to the 2009 motor vehicle accident. Both doctors'

---

[5] Apparently, the issue of whether Mr. Nguyen was negligent, such that Petitioner's underinsured motorists policy was triggered, was resolved in favor of Ms. Gallagher and was not a genuine dispute between the parties for purposes of summary judgment. Thus, the only issue that Ms. Gallagher and State Farm disputed was damages.

statements were slated for use by Ms. Gallagher at her trial.  In a letter dated April 28, 2015, Ms. Gallagher provided State Farm with a list of exhibits that she intended to introduce at trial. The list included her medical bills resulting from the PICC line procedure.

On July 29, 2015, State Farm filed a motion to strike discovery materials that Ms. Gallagher produced belatedly.  Rather than asking the trial court to exclude a specific document from evidence at trial, State Farm sought to end Ms. Gallagher's practice of supplementing her discovery responses with reports and bills that were several years old. The trial court found that Ms. Gallagher had been producing documents "years after the fact," and that her conduct was "highly prejudicial to [State Farm] and to the [c]ourt and [wa]s, therefore, inexcusable."  Accordingly, the trial court granted State Farm's motion to strike.  As a result, the documents that Ms. Gallagher produced belatedly were excluded from evidence at trial.  According to Ms. Gallagher, some of her bills from the PICC line procedure were excluded because of the trial court's ruling on the motion to strike.

On January 5, 2015, Ms. Gallagher's trial against State Farm commenced.  After opening statements, the parties settled for $125,000.00.  The parties placed their settlement on the trial record, the trial judge ordered the case settled and dismissed with prejudice, and the clerk entered the settlement on the docket.  On January 22, 2016, the parties filed a "Stipulation of Dismissal with Prejudice."

*The Medical Malpractice Action*

On November 9, 2015, Ms. Gallagher filed a claim against Mercy in the Health Care Alternative Dispute Resolution Office ("HCADRO").  Ms. Gallagher ultimately waived

5

arbitration in her HCADRO action, and she filed a Complaint ("Medical Malpractice Complaint") against Mercy in the Circuit Court for Baltimore City on April 15, 2016. Ms. Gallagher asserted that Mercy was vicariously responsible for the negligent medical care that she received during the PICC line procedure.[6] She sought damages for personal injuries, present and future medical expenses, emotional pain and suffering, and inability to engage in her usual duties, employments, and activities.

Ms. Gallagher and Mercy proceeded to discovery. In her discovery responses, Ms. Gallagher identified that, from Mercy, she sought compensation for the injuries she sustained from the PICC line procedure. In addition, Ms. Gallagher submitted to a deposition. During the deposition, Mercy's counsel questioned Ms. Gallagher about the contents of her State Farm settlement. Mercy's counsel asked Ms. Gallagher whether she pursued State Farm for her injuries following the PICC line procedure, as an injury attributable to the 2009 motor vehicle accident. Ms. Gallagher said, "Initially, that was one of the actual claims, yes." Subsequently, Ms. Gallagher's counsel stated, "She's not – I mean, we're not disputing it."

Thereafter, Mercy filed a motion for summary judgment. Mercy argued that Ms. Gallagher's claim was barred by the one satisfaction rule. The trial court found that the damages Ms. Gallagher sought from Mercy were the same damages for which she accepted a settlement in the automobile accident case. The court concluded that Ms. Gallagher

---

[6] Ms. Gallagher alleged that Mercy's staff was medically negligent by puncturing her brachial artery while inserting the PICC line, and failing to detect and treat her injury in a timely manner.

"already recovered for her injuries as part of her settlement with State Farm[,]" and granted Mercy's motion for summary judgment.

Ms. Gallagher noted an appeal to the Court of Special Appeals. *Gallagher v. Mercy Medical Center, Inc.*, No. 634, Sept. Term, 2017 (Md. Ct. Spec. App. June 28, 2018). In an unreported opinion, the Court of Special Appeals affirmed the trial court's ruling. *Id.* at *1. Our intermediate appellate court observed that Ms. Gallagher "sought to recover from State Farm for all of her injuries, including those resulting from the PICC [line] procedure." *Id.* at *3. Ms. Gallagher obtained a settlement from State Farm, and, in consideration, she dismissed her claim against State Farm with prejudice. *Id.* The court explained that "[Ms.] Gallagher's appellate contentions boil[ed] down to the assertion that, if she were able to bring a case against State Farm, and then to bring another [case] against Mercy, she would be better compensated for her injuries." *Id.* at *4.

Ms. Gallagher filed a petition for writ of *certiorari*. 461 Md. 482, 194 A.3d 936 (2018). We granted the petition on October 9, 2018 to review whether Ms. Gallagher's settlement with State Farm constituted a full satisfaction of her injuries, thereby barring Ms. Gallagher's claim against Mercy pursuant to the one satisfaction rule.[7]

---

[7] The questions presented, as articulated by Petitioner, are:

1. Does the One Satisfaction Rule Bar Recovery in a Lawsuit Against a Subsequent Tortfeasor When No Judgment was Entered in a Prior Lawsuit, and the Prior Lawsuit was Resolved [] by Settlement and Release that Did Not Release Claims Against the Subsequent Tortfeasor?

2. Did the Circuit Court Err in Granting Summary Judgment and Did the Court of Special Appeals Err in Affirming the Summary Judgment, Because Both Courts

(continued . . .)

## THE ONE SATISFACTION RULE

It is a "well-settled principle of tort law that a negligent actor is liable not only for the harm that he directly causes but also for any additional harm resulting from normal efforts of third persons in rendering aid, irrespective of whether such acts are done in a proper or a negligent manner." *Underwood-Gary v. Mathews*, 366 Md. 660, 668, 785 A.2d 708, 712-13 (2001) (quoting *Morgan v. Cohen*, 309 Md. 304, 310, 523 A.2d 1003, 1005-06 (1987)) (internal quotation marks omitted). For instance, if a plaintiff is injured in a motor vehicle accident by a negligent driver, the tortfeasor may be held liable for the plaintiff's resulting injuries. *Id*. (citing *Morgan*, 309 Md. at 310, 523 A.2d at 1006). If, subsequently, in the course of receiving treatment for his or her injuries, the plaintiff is negligently treated by a physician, the physician's negligence is a subsequent tort for which the original tortfeasor and the doctor are jointly liable. *Id*. at 668-69, 785 A.2d at 713 (citing *Morgan*, 309 Md. at 310, 523 A.2d at 1006).

Although liability for a particular harm may be shared by multiple tortfeasors, the plaintiff is entitled to one compensation for his or her injuries. *Id.* at 667-69, 785 A.2d at 712-13. The one satisfaction rule establishes that a plaintiff is entitled to one compensation for his or her loss, and satisfaction of the plaintiff's claim prevents the plaintiff from pursing another who may be liable for the same damages. *Id*. at 667, 785 A.2d at 712 (stating the "general principle [of tort law] that a plaintiff is entitled to but one

---

(. . . continued)

F[a]iled to Follow Maryland Precedent Regarding the One Satisfaction Rule and Regarding the Effect of Release and Settlement of Claims?

8

compensation for her loss and that satisfaction of her claim prevents further action against another for the same damages.") (citations omitted) (internal quotation marks omitted). The rule applies when an individual seeks to be compensated for injuries that he or she sustained, yet, in prior litigation, that individual was already compensated for the same injuries by a joint tortfeasor, concurrent wrongdoer not acting in concert, or a paying party who has "no connection with the tort at all." *Morgan*, 309 Md. at 312, 523 A.2d at 1006 (citation omitted). Under such circumstances, the equitable one satisfaction rule applies to prevent double recovery for the same injuries. *Id.* at 320, 523 A.2d at 1011.

## STANDARD OF REVIEW

A trial court may grant summary judgment in favor of the moving party if there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *Kennedy Krieger Institute, Inc. v. Partlow*, 460 Md. 607, 632, 191 A.3d 425, 440 (2018) (citation omitted). The court must view the motion in the light most favorable to the non-moving party. *Id.* at 632-33, 191 A.3d at 440 (citation omitted). "The question of whether a trial court's grant of summary judgment was proper is a question of law subject to a *de novo* review on appeal." *Id.* at 632, 191 A.3d at 440 (citations omitted). We independently review the record to determine whether there is a genuine dispute as to any material fact and, if not, whether the moving party was entitled to judgment as a matter of law. *Id.*

## DISCUSSION

We have defined a "satisfaction" as "an acceptance of full compensation for [an] injury[.]" *Morgan*, 309 Md. at 312, 523 A.2d at 1007. Under the one satisfaction rule,

9

once the plaintiff has obtained a full satisfaction, he or she is prevented from pursuing another who may be liable for the same damages. *Underwood-Gary v. Mathews*, 366 Md. at 667, 785 A.2d at 712 (citations omitted).

In order to decide whether a plaintiff's claim is barred by the one satisfaction rule, the court must "study and compar[e]" the injuries for which the plaintiff received recovery in his or her initial action, and the injuries for which the plaintiff seeks recovery in his or her subsequent action. *Id*. at 673, 785 A.2d at 716 (citation omitted). The injuries for which the plaintiff was compensated in the initial action "are to be ascertained . . . from an examination of the pertinent portions of the record . . . includ[ing] plaintiff's answers to interrogatories, the pretrial order, the testimony, the charge of the court and the opening and closing statements of counsel." *Id*. at 673, 785 A.2d at 715. The plaintiff sets forth the injuries he or she seeks in the subsequent action by responses to discovery, for example "in [the] plaintiff's answers to interrogatories and in the pretrial order." *Id*.

In the present case, Petitioner contends that Respondent is liable for medical malpractice. Respondent contends that Petitioner's claim is barred by the one satisfaction rule because of Petitioner's recovery in the automobile accident case. Accordingly, the dispositive question is: Did the satisfaction from the automobile accident action encompass all of the injuries sustained by Petitioner, including those injuries, in the subsequent proceeding, alleged to be attributable to medical malpractice? *See Underwood-Gary*, 366 Md. at 672, 785 A.2d at 715; *see also Morgan*, 309 Md. at 321, 523 A.2d at 1011. If the satisfaction only compensated the plaintiff for the injuries he or she initially sustained from the automobile accident, the plaintiff's claim for injuries that resulted from the subsequent

10

malpractice is not barred. *See Underwood-Gary*, 366 Md. at 672, 785 A.2d at 715; *see also Morgan*, 309 Md. at 321, 523 A.2d at 1011. If, however, the satisfaction compensated the plaintiff for all of the injuries he or she sustained from the automobile accident and the malpractice, the plaintiff's medical malpractice claim is barred by the one satisfaction rule. *See Underwood-Gary*, 366 Md. at 672, 785 A.2d at 715; *see also Morgan*, 309 Md. at 321, 523 A.2d at 1011. The question of whether full satisfaction has been obtained is one of fact. *Underwood-Gary*, 366 Md. at 672, 785 A.2d at 715. In the appropriate case, such as the case at bar, the issue may be properly decided by the trial court on a motion for summary judgment. *See, e.g.*, *id.* (explaining that the application of the one satisfaction rule is an issue that may be properly decided by the trial court on a motion for summary judgment).

In *Morgan v. Cohen*, Wendy R. Hovermill was struck by an automobile driven by James Jones. 309 Md. at 308, 523 A.2d at 1004. As Ms. Hovermill was a minor, her mother sued Mr. Jones for negligence. *Id.* at 308, 523 A.2d at 1005. The suit was settled, an order of satisfaction was signed, and the parties executed a release. *Id.* Subsequently, Ms. Hovermill's mother brought a medical malpractice action against Dr. Edward R. Cohen, M.D., who treated Ms. Hovermill after the automobile accident. *Id.* at 308-09, 523 A.2d at 1005. Dr. Cohen moved for summary judgment, and the trial court granted his motion. *Id.* at 309, 523 A.2d at 1005. While the case was pending before the Court of Special Appeals, we granted certiorari. *Id.*

We explained that the "policy against double recovery does not apply when a judgment against the original tortfeasor for the original tort only has been satisfied, at least

11

when the subsequent tortfeasor has not been joined in that suit." *Id*. at 320-21, 523 A.2d at 1011. There was an outstanding question of fact as to whether the satisfied judgment included damages for both torts or the original tort only. *Id*. at 321, 523 A.2d at 1011. That, we held, was "a question of fact for the trial court." *Id*. Therefore, we reversed the trial court's judgment and remanded the case for further proceedings. *Id*.

In *Underwood-Gary v. Mathews*, we held that a plaintiff who was injured in an automobile accident was barred from pursuing litigation against her treating physicians because, through prior litigation, she had already received satisfaction for her injuries from the negligent driver. 366 Md. at 674-75, 785 A.2d at 716-17. There, Rita Underwood-Gary and Marie Thompson were involved in a motor vehicle accident, after which Ms. Underwood-Gary sued Ms. Thompson for negligence. *Id*. at 663-64, 785 A.2d at 709-10. The matter proceeded to trial. *Id*. at 664, 785 A.2d at 710. Ultimately, the jury awarded Ms. Underwood-Gary a verdict in the amount of $9,087.00, and she appealed. *Id*. at 665-66, 785 A.2d at 711. While the appeal was pending, the parties settled for $20,000.00, the limit of Ms. Thompson's liability insurance policy. *Id*. at 666, 785 A.2d at 711. The appeal was dismissed, and the trial court entered an order of satisfaction. *Id*.

One week later, Ms. Underwood-Gary filed a medical malpractice action against the doctors who treated her after the automobile accident. *Id*. The doctors moved for summary judgment, arguing, in relevant part, that Ms. Underwood-Gary's claim was barred by the one satisfaction rule. *Id*. The trial court denied the doctors' motion, and the case proceeded to trial. *Id*. The jury found for Ms. Underwood-Gary and awarded her $437,073.69. *Id*. at 666, 785 A.2d at 712.

12

The Court of Special Appeals reversed the trial court, and we affirmed that judgment. *Id*. at 667, 785 A.2d at 712. We held that Ms. Underwood-Gary's medical malpractice claim was barred by the one satisfaction rule. *Id*. Based on the portions of the record that were provided, we concluded that "the satisfied judgment in the Thompson litigation embodie[d] an evaluation as to all of the harms that [Ms. Underwood-Gary] later claimed in the malpractice action." *Id*. at 673, 785 A.2d at 716. The jury evaluated all of Ms. Underwood-Gary's claims and determined their worth, and that judgment precluded re-litigating the value of her claims. *Id*. at 673-74, 785 A.2d at 716. In conclusion, we quoted the Court of Special Appeals to explain that "[w]hile the amount of the auto negligence settlement may not have been 'satisfactory' to [Ms. Underwood-Gary], when the damage claim that she had been asserting was 'satisfied' as a matter of law, she was thereafter prohibited from recovering more funds for the same injuries." *Id*. at 674-75, 785 A.2d at 716. Therefore, we held that Ms. Underwood-Gary had no remaining damages to recover in the medical malpractice action. *Id*. at 675, 785 A.2d at 717.

Turning to the matter *sub judice*, we necessarily begin by identifying what constituted Petitioner's alleged "satisfaction." At issue is the settlement that Petitioner received from State Farm. The parties do not dispute that Petitioner received the bargained-for $125,000.00 from State Farm and, in exchange, Petitioner filed a stipulation of dismissal with prejudice. Petitioner contends, however, that the settlement cannot constitute a complete and full "satisfaction." According to Petitioner, the one satisfaction rule only applies when the plaintiff, through prior litigation, obtained a judgment that was paid in full.

13

In effect, Petitioner asks this Court to rename the "one *satisfaction* rule" the "one *judgment* rule."  We see no reason why a settlement accompanied by a dismissal with prejudice may not, in appropriate cases, constitute "an acceptance of full compensation for the [plaintiff's] injury." *Morgan v. Cohen*, 309 Md. at 312, 523 A.2d at 1007 (defining "satisfaction").  Indeed, in *Morgan v. Cohen* and in *Underwood-Gary v. Mathews*, the plaintiffs ultimately received their satisfactions by way of settlement.  *Underwood-Gary*, 366 Md. at 674-75, 785 A.2d at 716-17 (holding that the one satisfaction rule barred the plaintiff's action, where the plaintiff already recovered for her losses by way of a settlement); *Morgan*, 309 Md. at 321, 523 A.2d at 1011 (holding that there was an outstanding question of fact as to whether the plaintiff's settlement fully compensated her for her injuries).  Moreover, the dispositive question in any one satisfaction rule claim is *did* the satisfaction compensate the plaintiff for all of his or her injuries; the question is not *by which vehicle* did the plaintiff obtain full compensation for his or her injuries.  *See Underwood-Gary*, 366 Md. at 667-69, 785 A.2d at 712-13; *see also Morgan*, 309 Md. at 320-21, 523 A.2d at 1010-11.

Unlike the parties in *Underwood-Gary*, Petitioner and State Farm did not reach a full trial on the merits.  *See* 366 Md. at 664-67, 785 A.2d at 710-12 (analyzing whether the plaintiff's injuries were fully satisfied, when the plaintiff obtained a settlement after a full trial while an appeal was pending).  Petitioner and State Farm, however, engaged in years of litigation over the subject matter of the lawsuit.  As such, when ruling on the motion for summary judgment, the trial court here had the benefit of the Automobile Accident Complaint, depositions, hearing transcripts, motions, and Petitioner's responses and

14

supplements to State Farm's discovery. In addition, the trial court had the Medical Malpractice Complaint, Petitioner's deposition, hearing transcripts, motions, and Petitioner's responses to Respondent's discovery. Thus, not unlike *Underwood-Gary*, there was sufficient information before the trial court to compare the injuries that were satisfied by the State Farm settlement with the injuries that Petitioner claimed in the medical malpractice claim against Respondent.[8] *Underwood-Gary*, 366 Md. at 673-74, 785 A.2d at 716 (reviewing portions of the trial record, and concluding that the doctors were entitled to summary judgment under the one satisfaction rule). Importantly, these facts, derived from the Complaints, Petitioner's discovery responses, hearings, and depositions, are not in dispute. *See Kennedy Krieger Institute v. Partlow*, 460 Md. 607, 632, 191 A.3d 425, 440 (2018) (explaining that, for summary judgment to be appropriate, there must be no material fact in dispute).

Having determined that the State Farm settlement was a satisfaction, we must determine whether it constituted a full satisfaction of all of Petitioner's injuries, such that the one satisfaction rule precludes Petitioner's claim against Respondent. A review of the records from the automobile accident case indicates that Petitioner's settlement with State

---

[8] In this regard, the case at bar is distinguishable from *Hartlove v. Bedco Mobility, Inc.*, 72 Md. App. 208, 527 A.2d 1342 (1987). In *Hartlove*, the Court of Special Appeals held that a settlement "does not, of itself and without regard to its terms, have the automatic effect of precluding further proceedings . . . and the [trial] court therefore erred in dismissing the actions on that basis." *Id*. at 214, 527 A.2d at 1345. In that case, the court did not have the details of the settlement before it. *Id*. Accordingly, the intermediate appellate court remanded the case to the trial court to determine the effect that the initial settlement had on the subsequent litigation. *Id*. Thus, *Hartlove* is distinguishable from the present case, as we have the benefit of a thorough record of the parties' litigation prior to settlement.

Farm covered Petitioner's evaluation as to all of the injuries that she later claimed in the medical malpractice action. Namely, the settlement compensated Petitioner for her injuries resulting from the PICC line procedure, which she now seeks to recover from Respondent.

In Petitioner's Automobile Accident Complaint, Petitioner alleged that the automobile accident caused her injuries, namely bodily injuries, pain and suffering, medical expenses, and the inability to engage in her usual pursuits. In Petitioner's responses to State Farm's discovery requests, she made clear that she intended that her claim encompass her assertion that the automobile accident was a direct and proximate cause of her PICC line injuries. She itemized hospital and doctors' bills that resulted from the PICC line procedure in her supplemental responses to State Farm's interrogatories. Additionally, in Petitioner's correspondence with State Farm, Petitioner described the pain and procedures that she endured during and subsequent to the PICC line procedure.

Furthermore, Petitioner obtained deposition testimony which tended to show that the PICC line injuries were causally connected to the underlying motor vehicle accident. It was necessary for Petitioner to establish this causal connection in order to collect from State Farm because State Farm was responsible for paying her underinsured motorists claim upon proof that she was injured by a negligent and underinsured driver and/or vehicle owner. The doctors, through their alleged malpractice, may have caused Petitioner additional harm, but Petitioner specifically sought to recover damages for those injuries in her claim against State Farm.[9]

---

[9] Petitioner argues that the Release, executed by Mr. Nguyen, Ms. Phan, Nationwide, and (continued . . .)

16

Petitioner contends that her settlement with State Farm did not constitute a full satisfaction of all her injuries. She posits that the trial court's ruling, which precluded Petitioner from entering belatedly produced documents into evidence during her trial against State Farm, encompassed medical bills from the PICC line procedure. Because she could not enter those records into evidence, Petitioner maintains that she could not have been fully compensated for her injuries by State Farm. If we were to accept Petitioner's approach, it would mean that she could evade the consequences of her discovery sanction.

Petitioner adds that her decision to settle was based in part on the trial court's "adverse pretrial ruling" (*i.e.* discovery sanction) and on State Farm's assertion that the accident was not a proximate cause of her PICC line injuries. Thus, Petitioner argues that her settlement, for "a fraction of the $2 million [that] she claimed," cannot be a full satisfaction because it was the result of a compromise.

In *Underwood-Gary*, we explained that different juries will value a verdict for the same injuries differently. 366 Md. at 673, 785 A.2d at 715. ("The very nature of the process of admeasuring damages for personal injuries results in different juries reaching different

---

(. . . continued)
Petitioner, did not discharge Respondent from liability. This Court has defined a "release" as "a surrender of the cause of action, which might be gratuitous, or given for inadequate consideration." *Morgan*, 309 Md. at 312, 523 A.2d at 1007; *see also* Maryland Code Ann., Courts & Judicial Proceedings Article § 5-401.1 (governing the effect of a release on a subsequent tortfeasor's liability). Respondent does not contend that the Release served to release Respondent from liability. Given that the parties agree that Respondent was not released from liability, we do not analyze the scope of the Release. The only issue before this Court is that of satisfaction. *See Morgan v. Cohen*, 309 Md. 304, 312, 523 A.2d 1003, 1007 (explaining that there is a "genuine distinction" between a release and a satisfaction of a claim).

17

results in evaluating the same injuries."). Therefore, to have the jury for the subsequent action review the jury's verdict in the initial action and determine whether it constituted a full satisfaction of the plaintiff's injuries "would be of no legal significance." *See id.* Likewise, individuals will value a settlement for the same injuries differently. Here, by accepting a settlement, Petitioner evaluated – for herself – her claim against State Farm. She weighed her claim's value against the risk of placing her fate in the hands of the jury. That claim encompassed her PICC line injuries, for which she now seeks recovery from Respondent. Where, as here, Petitioner enters into an entirely voluntary settlement for all of the injuries that she sustained, she cannot ask the court to conduct a post hoc appraisal of the value of her claims.[10]

---

[10] Finally, Petitioner argues that her settlement with State Farm cannot constitute a full satisfaction of her injuries pursuant to the collateral source doctrine. Petitioner raised this issue for the first time in her Reply brief. She did not raise it in her petition for a writ of *certiorari* or her initial brief. Ordinarily, we "will consider only an issue that has been raised in the petition for certiorari . . . and that has been preserved for [our] review." Maryland Rule 8-131(b). We will, in this case, exercise our discretion to reach Petitioner's claim in the interest of the parties and judicial economy.

Uninsured/underinsured motorists insurance is unique because, unlike traditional types of insurance, as a condition precedent to holding the insurer liable, the insured must have been injured by a negligent driver. Andrew Janquitto, *Uninsured Motorists Coverage in Maryland*, 21 U. BALT. L. REV. 171, 181 (1992) (explaining that uninsured/underinsured motorists coverage is "the only widely marketed first-party insurance that predicates indemnification on the negligent conduct of a third party."). Importantly, however, the collateral source doctrine only applies when the plaintiff has been compensated for his or her injuries from a source *unrelated* to the tortfeasor. *Eastern Shore Title Co. v. Ochse*, 453 Md. 303, 340, 160 A.3d 1238, 1260 (2017); *Norfolk Southern Ry. Corp. v. Tiller*, 179 Md.App. 318, 330, 1280 (2008) (citing *Motor Vehicle Admin. v. Seidel*, 326 Md. 237, 254 (1992)) ("The [collateral source rule] does not differentiate between the nature of benefits, so long as they did not come from the defendant or a person acting for him."). (continued . . .)

**CONCLUSION**

Petitioner's settlement with State Farm embodied her evaluation as to all of the injuries that she claimed in her medical malpractice action against Respondent. Petitioner's claim against Respondent is, thus, barred by the one satisfaction rule. We affirm the judgment of the Court of Special Appeals, which affirmed the trial court's ruling granting summary judgment in favor of Respondent.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT TO BE PAID BY PETITIONER.**

---

(. . . continued)

Although State Farm was not a tortfeasor, State Farm would be liable only for the injuries that Mr. Nguyen's and/or Ms. Phan's negligence caused, including Respondent's alleged medical negligence. Mr. Nguyen and Ms. Phan are, of course, connected to Respondent because of their status as successive tortfeasors. *See Underwood-Gary*, 366 Md. at 669 n. 7, 785 A.2d at 713 n.7 (noting that "[s]uccessive tortfeasors are 'those whose negligent acts produce discrete, albeit overlapping or otherwise related, injuries.'") (citation omitted). State Farm's contractual liability was inextricably bound to Petitioner's tort damages. Therefore, State Farm was not unrelated to the tortfeasors, and the collateral source doctrine does not apply in this case.